UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF MICHIGAN
REGIONAL COUNCIL OF CARPENTERS'
EMPLOYEE BENEFITS FUND, *et al.*,

    Plaintiffs,

v.

MICHIGAN STUDS AND
WALLS, LLC, *et al.*,

    Defendants.

Case No. 24-cv-10907
Hon. Matthew F. Leitman

_____/

### ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE (ECF No. 14)

In this action, Plaintiffs allege that Defendants Michigan Studs and Walls, LLC, Kevin Cox, and Nathan McCardell "violated both their contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of" Plaintiffs' employees. (Compl. at ¶ 12, ECF No. 1, PageID.5.) Plaintiffs served their Complaint on Michigan Studs and Walls and Cox on April 11, 2024. (*See* Certificates of Service, ECF Nos. 6, 7.) However, Plaintiffs have not been able to serve McCardell.

Accordingly, on June 26, 2024, Plaintiffs filed a motion for alternate service. (*See* Mot., ECF No. 14.) In that motion, Plaintiffs ask the Court for permission to

1

serve McCardell by (1) First Class Mail, (2) Certified Mail (return receipt requested), (3) email, and (4) by posting on the door of his home. (*See id.*, PageID.237-238.) For the reasons explained below, Plaintiffs' motion is **GRANTED**.[1]

# I

## A

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made." In turn, Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

---

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

Michigan Court Rule 2.105(J) further provides that substituted service may be appropriate under some circumstances:

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

**B**

The Court concludes that Plaintiffs' motion, supported by the affidavit of their process server (*see* ECF No. 14-1), satisfies the requirements for alternative service

3

described above.  First, Plaintiffs have sufficiently shown that service of McCardell "cannot reasonably be made" under the usual methods for service of an individual under the Michigan Court Rules. Mich. Ct. Rule 2.105(I)(1).  Plaintiffs have attempted to personally serve McCardell several times, all without success.  More specifically, Plaintiffs have attempted to serve McCardell at two different addresses on five separate occasions. (*See* Affidavit of Process Server Adam Kwiatkowski, ECF No. 14-1, PageID.242.)  In addition, Plaintiffs' process server "attempted [to call] all commercially available telephone numbers [associated with McCardell] with negative success." (*Id.*)

Second, as required under Michigan Court Rule 2.105(2), Plaintiffs submitted a motion that is dated within 14 days of filing, and it was supported by the affidavit of their process server and other evidence. (*See* Mot., ECF No. 14.)  The motion and supporting documents provided evidence that Plaintiffs have not been able to successfully serve McCardell despite diligent efforts.  The motion also includes McCardell's last known address(es). (*See* ECF No. 14-2.)

Finally, the ways in which the Court will require Plaintiffs to serve McCardell – *i.e.*, by email, First Class and Certified Mail, and by posting at McCardell's residential address – are "reasonably calculated to give [McCardell] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1).

Accordingly, for all the reasons stated above, Plaintiffs' motion for alternative service (ECF No. 14) is **GRANTED** as follows: Plaintiffs shall serve McCardell by the following methods:

- Mailing a copy of (1) the Summons, (2) the Complaint, and (3) this order, via First Class and Certified Mail (return receipt requested), to McCardell's residential address identified in Plaintiffs' motion;

- Emailing a copy of (1) the Summons, (2) the Complaint, and (3) this order to the two email addresses associated with McCardell that are identified in Plaintiffs' motion; and

- Posting a copy of (1) the Summons, (2) the Complaint, and (3) this order on the door of McCardell's residential address.

Plaintiffs shall also file a Certificate of Service with the Court after they serve McCardell as directed in this order.

**IT IS SO ORDERED.**

Dated: July 16, 2024

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126